STATE *vs*. EUGENE SOUCY.

Androscoggin County. Decided November 20, 1925. The respondent has been convicted of keeping and maintaining a common nuisance as defined and prohibited by R. S., Chap. 23, Sec. 1. He brings the case to this court on exceptions to the refusal of the presiding Justice to give certain requested instructions, except as contained in the charge, and to his refusal to order a verdict for the respondent.

The requested instructions are definitions of the term "common nuisance." But turning to the charge we find that the term is defined with a sufficient degree of accuracy thus:

"What is a common nuisance? It would be a place that is used—and that means commonly and habitually used—although it may be for a greater or less length of time. It may be for years; it may be even only for part of a day. It is a question of the character of the keeping and the evidence will vary in respect to that proposition in different cases very considerably The place that is commonly and habitually used, under the definition I have given you, for the illegal sale of intoxicating liquors or for the illegal keeping of intoxicating liquors intended for sale, any keeping of liquors, intoxicating liquors, with intention of sale would be illegal."

The court amplified this definition by pertinent comment and illustration. We do not see how the jury could have failed to comprehend the elements which the State is bound to prove.

The evidence tends to show that the respondent on November 4th, 1924 sold, at his house, two bottles of beer, which were drunk on the premises, and a pint of alcohol, which was taken away, and that on the following day upon search of the house, an improvised still, six gallons of mash, thirty bottles of home brewed beer and ninety empty bottles were found. This evidence does not "necessa-

rily and as a matter of law" (*State* v. *McIntosh*, 98 Maine, 400) prove that the respondent kept and maintained a common nuisance, but it justified the jury in so finding. *State* v. *Stanley*, 84 Maine, 561. Exceptions overruled. Judgment for the State. *Benjamin L. Berman, County Attorney*, for the State. *M. L. Lizotte and Frank T. Powers*, for respondent.